**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| American Family Mutual Insurance Company,<br><br>             Plaintiff,<br><br>vs.<br><br>Elisia R. Baca, et al.,<br><br>             Defendants. | No. CV-10-01879-PHX-NVW<br><br>**ORDER** |

Before the Court is American Family Mutual Insurance Company's Motion to Remand. (Doc. 10.)

**I.    Background**

Plaintiff American Family Mutual Insurance Company ("American Family"), a Wisconsin corporation, issued an insurance policy for a vehicle involved in a one-vehicle accident. The policy limits coverage to $100,000 for any one person with a maximum payment of $300,000 for each accident. On August 3, 2010, American Family filed this interpleader action in Pinal County Superior Court to determine how insurance benefits should be allocated among the injured passengers and their health care providers.

The Complaint for Interpleader names as Defendants four passengers believed to have been injured in the accident, Elisia Baca, Kenneth King, Harmony Gibson, and William Betz and their spouses. The Complaint for Interpleader also names as Defendants entities that filed liens for charges incurred providing health care to the

passengers: Arizona Health Care Cost Containment System, through Phoenix Health Plan, LLC; University Medical Center Corporation; Scottsdale Healthcare Corporation; Native American Air Ambulance; Meritain Health, Inc.; and Presbyterian Health Plan, Inc.

On September 2, 2010, Defendant Kenneth King removed this case from the Pinal County Superior Court "pursuant to 28 U.S.C. §§ 1441 and 1446, and Arizona District Court Local Rule 3.7, based on diversity of citizenship under 28 U.S.C. § 1332(a)(1)."[1] The removal notice states that King is an Oklahoma resident, Betz is a New Mexico resident, and Baca and Gibson are Arizona residents. It further asserts that Native American Air Ambulance is a Nevada corporation, Meritain Health is a New York corporation, Presbyterian Health Plan is a New Mexico corporation, and Phoenix Health Plan and University Medical Center are Arizona corporations.

On November 2, 2010, American Family moved to remand this case. On November 10, 2010, University Medical Center Corporation filed is Consent to Removal by University Medical Center Corporation. On November 19, 2010, King filed a response in opposition to remand. No other responses were filed. On November 22, 2010, American Family filed its reply.

**II.   Analysis**

American Family moves for remand on two grounds: (1) the Court lacks subject matter jurisdiction because the case does not present a federal question and there is not diversity of citizenship, and (2) removal was improper because King failed to obtain timely consent from the served Defendants. Federal courts have jurisdiction to determine whether they have subject matter jurisdiction even if doing so requires resolution of substantive questions. *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 938 (9th Cir. 2006) (in order to determine the district court's authority to remand removed case, the

---

[1] In his response to the Motion to Remand, however, King argues subject matter jurisdiction exists under 28 U.S.C. § 1335.

- 2 -

1  appellate court addressed the underlying merits of the remand, *i.e.*, whether the forum
2  defendant rule is jurisdictional or procedural in nature). Except as otherwise expressly
3  prohibited by Congress, any civil action brought in a state court of which the United
4  States district courts have original jurisdiction, may be removed by the defendant or the
5  defendants, to the United States district court for the district where the action is pending.
6  28 U.S.C. § 1441(a). Thus, the Court must determine whether it has original jurisdiction
7  over the action American Family commenced in state court and whether any defect in the
8  removal defeats jurisdiction.

### A. The Court Has Original Jurisdiction Under 28 U.S.C. § 1332(a)(1).

The district courts have original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. §§ 1332(a)(1). For diversity jurisdiction under § 1332, each defendant must be a citizen of a different state from each plaintiff. *Dolch v. United California Bank*, 702 F.2d 178, 181 (9th Cir. 1983). For interpleader under Fed. R. Civ. P. 22 based on § 1332 diversity jurisdiction, "there must be diversity between the stakeholder on one hand and the claimants on the other." *Gelfgren v. Republic Nat'l Life Ins. Co.*, 680 F.2d 79, 81 n.1 (9th Cir. 1982).

Here, Plaintiff American Family is a Wisconsin resident, none of the Defendants are Wisconsin residents, and the amount in controversy exceeds $75,000. Therefore, the Court has original jurisdiction under § 1332(a)(1).

### B. Although Diversity Requirements for Original Jurisdiction Under 28 U.S.C. § 1335 Are Satisfied, Disputed Funds Have Not Been Deposited into the Court's Registry.

The district courts also have original jurisdiction of "any civil action of interpleader or in the nature of interpleader" if certain conditions are satisfied:

> The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, association, or society having in his or its custody or possession money or property of the value of $500 or more, or having issued a note, bond, certification, policy of insurance, or other instrument of value or amount of $500. . . if (1) Two or more adverse claimants, of diverse citizenship as defined in subsection (a) or (d) of section 1332 of this

- 3 -

1
2
>title, are claiming or may claim to be entitled to such money or property. . . ; and if (2) the plaintiff has deposited such money or property . . . into the registry of the court, there to abide judgment of the court . . . .

28 U.S.C. § 1335(a). Thus, in order for the district courts to have original jurisdiction of an interpleader case under § 1335, two or more "adverse claimants" must be "citizens of different States." *Gelfgren*, 680 F.2d at 81 n.1. Section 1335 does not require that no two defendants be citizens of the same state: "This provision has been uniformly construed to require only 'minimal diversity,' that is, diversity of citizenship between two or more claimants, without regard to the circumstance that other rival claimants may be co-citizens." *State Farm Fire & Casualty Co. v. Tashire*, 386 U.S. 523, 530 (1967).

Of those Defendants for whom proof of service or an answer has been filed, King claims to be an Oklahoma resident, Scottsdale Healthcare Corporation and Phoenix Health Plan are Arizona corporations, and Meritain Health, Inc., is a New York corporation.[2] These claimants are adverse because they each seek compensation from the same limited insurance benefits, and Scottsdale Healthcare seeks compensation for services provided to Baca and Betz, not King. The amount of the insurance policy exceeds $500. Thus, the diversity requirement for original jurisdiction under § 1335 likely is satisfied because this interpleader action involves "two or more adverse claimants of diverse citizenship." However, "[d]eposit of the disputed funds in the court's registry is a jurisdictional requirement to statutory interpleader under 28 U.S.C. § 1335." *Gelfgren*, 680 F.2d at 81-82. Because the record does not show that Plaintiff has deposited the disputed funds into the registry of either the state or district court, the Court cannot conclude that it has original jurisdiction of this action under § 1335.

### C. American Family Waived Non-Jurisdictional Removal Defects By Filing Its Motion to Remand More Than Thirty Days After Removal.

The Court shall remand a removed case at any time before final judgment if it appears that the Court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). However, a

---

[2] The record does not indicate whether any of the corporations are residents of more than one state.

- 4 -

motion to remand a case on the basis of any defect other than lack of subject matter jurisdiction must be filed within thirty days after the notice of removal under § 1446(a) is filed. *Id.* Because American Family filed its Motion to Remand two months after the filing of the notice of removal, the Court may not consider any defect other than lack of subject matter jurisdiction as a basis for remand.

American Family contends that the removal is defective because this action does not raise a federal question and at least one Defendant is a citizen of Arizona, which violates the "defendant forum rule":

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. *Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.*

28 U.S.C. § 1441(b) (emphasis added). However, violation of the forum defendant rule "constitutes a waivable non-jurisdictional defect subject to the 30-day time limit imposed by § 1447(c)." *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 942 (9th Cir. 2006). By filing its motion more than thirty days after the notice of removal was filed, American Family waived any violation of the forum defendant rule.

American Family also contends that the removal is defective because King failed to obtain consent from all of the other served Defendants. In response, King asserts the defendant unanimity rule applies only to defendants properly joined and served at the time of the removal, the only defendant properly joined and served at the time of removal was University Medical Center, and University Medical Center did consent. American Family does not dispute these contentions and therefore has abandoned its challenge under the defendant unanimity rule. Moreover, failure to obtain unanimous consent to removal is a "defect in a removal procedure" under § 1447(c) and, therefore, a non-jurisdictional defect waived if not raised within thirty days of removal. *See Aguon-Schulte v. Guam Election Comm'n*, 469 F.3d 1236, 1240 (9th Cir. 2006); *N. Cal. Dist.*

1  *Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir. 1995).

### D.     Attorneys' Fees

Because American Family's Motion to Remand will be denied, its request for attorneys' fees under 28 U.S.C. § 1447(c) also will be denied.  King's request for fees and costs in preparing its response to American Family's Motion to Remand does not identify authority under which the Court may award fees or sufficient reason to do so.

IT IS THEREFORE ORDERED that American Family Mutual Insurance Company's Motion to Remand (Doc. 10) is denied.

IT IS FURTHER ORDERED that all attorneys' fee requests related to the Motion to Remand are denied.

DATED this 1st day of February, 2011.

_____
Neil V. Wake
United States District Judge

- 6 -