**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| American Family Mutual Insurance Company, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. CV-10-01879-PHX-NVW  **ORDER** |
| Plaintiff, | | |
| vs. | | |
| Elisia R. Baca, et al., | | |
| Defendants. | | |

Before the Court is American Family's Motion for Voluntary Dismissal with Prejudice and Defendants' Joint Motion for Order to Show Cause as to Plaintiff's Failure to Comply with This Court's May 19, 2011 Order to Deposit the $300,000 Policy Limits. (Docs. 69, 70.) Finding that oral argument on these motions would not assist the Court, the Court denies American Family's requests for oral argument.

As urged by Defendant Baca, American Family filed this interpleader action in state court to determine how insurance benefits should be allocated among four passengers involved in a single-vehicle accident and their health care providers. It offered to deposit the policy limits of $300,000 in exchange for Defendants' release of their claims against American Family and its insureds.

Defendant King removed the case to this Court, and American Family's motion to remand to state court was denied. American Family subsequently attempted to deposit the interpled funds with the Clerk of the Court, but the deposit was denied because

1  American Family had not obtained a court order granting leave to deposit the interpled
2  funds.  Subsequently, in response to a motion by Defendants, the Court granted American
3  Family leave to deposit the interpled funds with the Clerk of the Court based on the
4  assumption that American Family wanted to deposit the funds.  Meanwhile, American
5  Family learned that Defendants did not intend to release their claims against American
6  Family's insureds in exchange for a portion of the interpled funds and therefore
7  concluded that continuing with the interpleader would not be in its insureds' best interest.
8  　　　　Therefore, American Family moves to voluntarily dismiss this action with
9  prejudice pursuant to Fed. R. Civ. P. 41(a)(2), which permits voluntary dismissal "at the
10 plaintiff's request only by court order, on terms that the court considers proper."
11 Generally, in ruling on a motion for voluntary dismissal, a district court must consider
12 whether the defendants "will suffer some plain legal prejudice as a result of the
13 dismissal." *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982).
14 "Plain legal prejudice, however, does not result simply when defendant faces the prospect
15 of a second lawsuit or when plaintiff merely gains some tactical advantage." *Id.*
16 "Further, it is clear that the mere inconvenience of defending another lawsuit does not
17 constitute plain legal prejudice." *Id.*  Dismissal with prejudice precludes American
18 Family from reasserting its claim against Defendants in another federal suit, and it does
19 not preclude Defendants from initiating their own actions against American Family.
20 Thus, American Family's voluntary dismissal with prejudice will not cause Defendants to
21 suffer "some plain legal prejudice."
22 　　　　Defendants contend they "incurred significant expense and exerted substantial
23 effort in this interpleader action," but do not explain how their expenses and exertions of
24 effort are relevant to whether dismissal would impose "plain *legal* prejudice."  In fact,
25 they state that the parties "were very close to an agreed upon distribution of the $300,000
26 policy limits" and their draft stipulated order requests "that the relief provided to
27 American Family in the action match the prayer requested in the complaint."  The prayer
28 requested in the complaint expressly includes giving the insureds a release and

satisfaction of any claims made against them. It would thus appear that the parties are close to resolving their claims without any need for Court involvement.

The Court finds that dismissal with prejudice does not impose any plain legal prejudice on Defendants. It further finds that dismissal with prejudice without imposing any sanctions and with each party to bear its own fees and costs is proper.

IT IS THEREFORE ORDERED that American Family's Motion for Voluntary Dismissal with Prejudice (Doc. 69) is granted and Defendants' Joint Motion for Order to Show Cause as to Plaintiff's Failure to Comply with This Court's May 19, 2011 Order to Deposit the $300,000 Policy Limits (Doc. 70) is denied as moot.

IT IS FURTHER ORDERED that all requests for attorneys' fees and/or sanctions related to either motion (Docs. 69 and 70) are denied.

IT IS FURTHER ORDERED that any pending deadlines, conferences, or hearings in this case are vacated. The Clerk shall terminate this case.

DATED this 21st day of June, 2011.

_____
Neil V. Wake
United States District Judge